IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH B. SCALES,<br>　　Plaintiff<br><br>v.<br><br>JEFF WITHERITE, PHILIP<br>RICHARDSON, TERESA LAW, CO.<br>OYSTER, and BARRY BEAVEN,<br>　　Defendants | Civil Action No. 3:10-CV-0333<br><br>(Chief Judge Kane)<br>(Magistrate Judge Smyser) |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court is Magistrate Judge Smyser's Report and Recommendation that Defendant Beaven's motion to dismiss be granted. (Doc. No. 50.) Plaintiff filed objections to the Report and Recommendation on December 28, 2010. (Doc. Nos. 51, 52.) Defendant filed a response to Plaintiff's objection on January 3, 2011. (Doc. No. 54.) The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). For the reasons stated herein, the Court will accept Magistrate Smyser's well-reasoned Report and Recommendation.

As recounted more fully in the Report and Recommendation, this action alleging medical malpractice and 28 U.S.C. § 1983 claims against Defendant Beaven arises out of an injury to Plaintiff's Achilles tendon, which he sustained while incarcerated at SCI-Camp Hill. (Doc. No. 1 ¶ 1.) The complaint alleges that Defendant Beaven committed medical malpractice and violated

1

Plaintiff's Eighth Amendment Rights by: (1) failing to provide Plaintiff with a "walking boot" (Id. ¶ 3); (2) prematurely discharging Plaintiff from the infirmary after approximately one month (Id. ¶ 5); (3) failing to ensure that Plaintiff be examined every other day as Defendant Beaven indicated when Plaintiff was discharged (Id.); and (4) denying Plaintiff's request for a wheelchair following his discharge (Id.). Plaintiff does not file any objection to Magistrate Judge Smyser's recommendation that his medical malpractice claim against Defendant Beaven be dismissed for Plaintiff's failure to file a proper certificate of merit. Accordingly, the Court will accept this recommendation without further discussion. Plaintiff does, however, object to Magistrate Judge Smyser's conclusion that Plaintiff failed to state a claim upon which relief can be granted. Accordingly, the Court will review this issue de novo.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004). The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906-08 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

There is no dispute that the activity complained of here was committed under color of state law. Therefore, the only subject at issue is whether Plaintiff has pleaded sufficient factual allegations to plausibly support an Eighth Amendment claim. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). The Eighth Amendment is violated where the acts or omissions of prison officials indicate deliberate indifference to the serious medical need of an inmate. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Mere allegations of medical malpractice or disagreement as to the appropriate course of treatment are not sufficient to establish a Constitutional violation. See id. (citations omitted). The United States Court of Appeals for the Third Circuit has, however, recognized violations of the Eighth Amendment where: (1) "prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury;" and (2) "knowledge of the need for medical care [is accompanied by

3

the] . . . intentional refusal to provide that care." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal citations and quotations omitted).

Plaintiff suffered two injuries, both of which required surgery. (Doc. No. 1 ¶¶ 2, 4.) Further, he alleges that his open wound became infected, with a "yellowish fluid oozing from the wound," and alleged a risk of infection that could have led to "an amputation or death." (Id. ¶ 5.) These allegations are sufficient, at this stage, to establish a serious medical need. See, e.g., Spruill, 372 F.3d at 236 (concluding that allegations of "extreme pain and real possibility of permanent injury could" qualify as a serious medical sufficient to survive a motion to dismiss).

Regarding Defendant Beaven's deliberate indifference, however, the Court agrees with Magistrate Judge Smyser that Plaintiff has not alleged sufficient facts to survive a motion to dismiss. As previously noted, Plaintiff has alleged four actions by Defendant Beaven that Plaintiff argues arise to the level of deliberate indifference. First, Plaintiff alleges a delay in providing a walking boot. (Doc. No. 1 ¶ 3.) Plaintiff's allegations on this front do not suggest any action by Defendant Beaven that caused the delay or even that he knew of the delay. (Id.) To the contrary, Plaintiff's allegations indicate that Defendant believed the matter had been resolved. (Id.) Second, Plaintiff alleges that Defendant Beaven prematurely discharged him from the infirmary. (Id. ¶ 5.) There is no information in the complaint to support a finding that the discharge, assuming it was premature, amounted to anything more than negligence, which alone cannot support an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) (holding that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment"). Third, Plaintiff alleges the dressing on his wound was not changed every other

day as Defendant Beaven instructed. (Doc. No. 1 ¶ 5.) However, Plaintiff does not allege that Defendant Beaven was aware that Plaintiff's dressing was not changed as instructed. Finally, Plaintiff alleges that Defendant Beaven denied Plaintiff's request for a wheelchair, and instead provided him with crutches and a walker. (Id.) Once again, Plaintiff fails to make any allegations regarding what Defendant Beaven knew.

Ultimately, Plaintiff rests his complaint on what he believes Defendant Beaven should have known. (Doc. No. 52 at 2.) This alone cannot support an Eighth Amendment claim. Farmer, 511 U.S. at 838. To state an Eighth Amendment claim, Plaintiff must allege Defendant Beaven's subjective knowledge of, and deliberate indifference to, a serious medical risk. Spruill, 372 F.3d at 235-36. However, although the complaint does not properly state a claim in its present form, the Court believes Plaintiff could potentially state a valid claim if given the opportunity to amend. Therefore, because amendment would not, as a matter of law, be futile in this matter, the Court will grant Plaintiff leave to file an amended complaint.

**ACCORDINGLY**, on this 27th day of January 2011, **IT IS HEREBY ORDERED THAT** the Report and Recommendation of Magistrate Judge J. Andrew Smyser is **ADOPTED** and Defendant Beaven's motion to dismiss (Doc. No. 18) is **GRANTED**. It is further ordered that Plaintiff **SHALL BE** granted leave to file an amended complaint. The case **SHALL BE** referred to Magistrate Judge Smyser for further proceedings.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania