IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH B. SCALES,  Plaintiff | : : : | Civil Action No. 3:10-CV-0333 |
| v. | : : | (Chief Judge Kane) (Magistrate Judge Smyser) |
| JEFF WITHERITE, PHILIP RICHARDSON, TERESA LAW, CO. OYSTER, and BARRY BEAVEN,  Defendants | : : : : | |

**MEMORANDUM ORDER**

On January 28, 2011, this Court issued an order adopting Magistrate Judge Smyser's report and recommendation that Plaintiff Kenneth Scales's complaint be dismissed without prejudice. (Doc. No. 63.) Plaintiff filed an amended complaint on March 28, 2011. (Doc. No. 66.) Defendants Barry Beaven and Philip Richardson filed a motion to dismiss the amended complaint on April 8, 2011. (Doc. No. 69.) On July 13, 2011, Magistrate Judge Smyser issued a report and recommendation that Plaintiff's amended complaint be dismissed with prejudice as to the claims against Defendants Beaven and Richardson. (Doc. No. 79.) Plaintiff filed objections to the report and recommendation on July 27, 2011. (Doc. No. 80.) Defendants Beaven and Richardson filed a response to Plaintiff's objections on August 8, 2011. (Doc. No. 81.) Plaintiff raises two objections to Magistrate Judge Smyser's report and recommendation, which the Court will consider seriatim.

**I.    CERTIFICATE OF MERIT**

First, Plaintiff argues that Magistrate Judge Smyser erred in finding that Plaintiff failed to comply with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. Rule 1042.3 is a

1

substantive state law that federal district courts must apply. <u>Liggon-Redding v. Estate of Sugarman</u>, No. 08-4336, 2011 U.S. App. LEXIS 20123, at *1-2 (3d Cir. Oct. 4, 2011). Pursuant to Rule 1042.3, when pursuing a claim based on a licensed professional's deviation from an acceptable standard of professional care the plaintiff must file with the complaint or within sixty days after the filing of the complaint a certificate of merit attesting that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a).

In the present matter, Plaintiff filed a document entitled "certificate of merit," asserting that expert testimony would not be necessary in this matter. (Doc. No. 66-1.) Expert testimony is required in medical malpractice cases except in those unusual cases in which "the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even non-professional persons." <u>Toogood v. Rogal</u>, 824 A.2d 1140, 1145 (Pa. 2003) (quoting <u>Hightower-Warren v. Silk</u>, 698 A.2d 52, 54 n.1 (Pa. 1997)). Magistrate Judge Smyser reasoned that because this case is not one of those few cases in which expert testimony is not necessary, that Plaintiff's certificate of merit was not proper. (Doc. No. 79 at 15-16.)

Therefore, Magistrate Judge Smyser recommended the matter be dismissed for Plaintiff's failure to file a certificate of merit. (Id.)

Plaintiff objects that he did indeed file a certificate of merit that complies with Rule 1042.3(a)(3). (Doc. No. 80 at 1.) The Court agrees that Plaintiff filed a certificate of merit.[1] Magistrate Judge Smyser is likely correct that medical testimony will be necessary to establish Defendants' negligence. See generally Toogood, 824 A.2d at 1145. As the Third Circuit recently held on very similar facts, however, a filing that a litigant intends to proceed without an expert, even in a case where the Court believes an expert will be necessary, will satisfy Pennsylvania's certificate of merit requirement. Liggon-Redding, 2011 U.S. App. LEXIS at *17-18. Accordingly, the Court cannot adopt Magistrate Judge Smyser's recommendation regarding Plaintiff's state law negligence claim.

## II.  EIGHTH AMENDMENT CLAIM

Plaintiff's second objection concerns his Eighth Amendment claim. Specifically, Plaintiff objects that he properly stated an Eighth Amendment deliberate indifference claim against Defendant Beaven as to Beaven's alleged deviation from Dr. Sullivan's prescribed plan of treatment. (Doc. No. 80 at 1.) Defendant does not object to Magistrate Judge Smyser's findings as to the remaining Eighth Amendment claims against Defendant Beaven. Nor does Defendant object to Magistrate Judge Smyser's recommendation that the Court dismiss

---

[1] The Court notes that Plaintiff's certificate of merit, which states that a medical professional is unnecessary to prosecute his claim, precludes Plaintiff from introducing such evidence at trial. See McCool v. Dep't of Corr. of Pa., 984 A.2d 565, 571 n.9 (Pa. Commw. Ct. 2009) (noting that where a plaintiff files a certificate of merit under subdivision (a)(3) that "the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation" (quoting Pa. R. Civ. P. 1042.3(a)(3)).)

Plaintiff's Eighth Amendment claim against Defendant Richardson.  Accordingly, the Court will adopt without further discussion Magistrate Judge Smyser's recommendation that the Eighth Amendment claim against Defendant Richardson and all Eighth Amendment claims against Defendant Beaven save the claim based on the deviation from Dr. Sullivan's prescribed plan of treatment be dismissed.

Plaintiff argues that allegations that Defendant Beaven departed from Dr. Sullivan's prescribed plan of treatment constitutes an Eighth Amendment violation because a doctor who has only general knowledge may not substitute his medical judgment for a specialist. (Doc. No. 80 at 1.)  In Plaintiff's amended complaint he alleges that Dr. Sullivan, an orthopedic surgeon ordered that Plaintiff be given a walking boot following Plaintiff's surgery to repair his ruptured Achilles tendon.  (Doc. No. 66 ¶¶ 2-3.)  Plaintiff further alleges that corrections officers prevented Plaintiff from receiving the boot at Dr. Sullivan's office.  (Id. ¶ 3.)  When he was returned to the prison infirmary, Nurse Greager provided Plaintiff with a walker rather than a walking boot.  (Id. ¶ 3.)  Defendant Beaven later explained to Plaintiff that the walking boot was not provided because there was a "mixup," that there was a boot in the infirmary which prison officials believed Plaintiff could use but it had not been cleaned, and that a boot had been ordered for Plaintiff.  (Id.)  However, it was not until six days after speaking to Dr. Beaven that Plaintiff was asked for his shoe size so a walking boot could be ordered for him.  (Id.)

However, as this Court explained in its order adopting Magistrate Judge Smyser's initial report and recommendation, "Plaintiff's allegations [regarding the delay in procuring a walking boot] do not suggest any action by Defendant Beaven that caused the delay or even that he knew of the delay.  To the contrary, Plaintiff's allegations indicate that Defendant believed the matter

had been resolved." (Doc. No. 61 at 4 (citations omitted).) Plaintiff's amended complaint suffers from the identical defect. Accordingly, the Court must adopt Magistrate Judge Smyser's report and recommendation and dismiss the Eighth Amendment claims against Defendant Beaven.

### III. CONCLUSION

Plaintiff raises two objections to Magistrate Judge Smyser's report and recommendation. First, he argues that his medical malpractice claims should not be dismissed for failure to comply with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. The Court agrees with Plaintiff that he has complied with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. Accordingly, the Court must sustain Plaintiff's objection on the medical malpractice claim. Second, Plaintiff alleges that he properly stated an Eighth Amendment claim against Defendant Beaven for the delay in providing Plaintiff with a walking boot. Because Plaintiff failed to allege that Defendant Beaven had any personal knowledge of or involvement in the delay, Plaintiff has failed to state a claim for deliberate indifference. Plaintiff has not lodged any further objections to the report and recommendation, and the Court detects no further error therein.

**ACCORDINGLY,** on this 31st day of October 2011, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 79) is **ADOPTED IN PART**. Defendants Beaven and Richardson's motion to dismiss (Doc. No. 69) is **GRANTED** as to the Eighth Amendment claims and **DENIED** as to the medical malpractice claims. The case **SHALL BE** referred to Magistrate Judge Smyser for further proceedings.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court

Middle District of Pennsylvania